UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

WU & ASSOCIATES, INC.,

Plaintiff,

v.

TARA LYNN SHINDLE, *et al.*,

Defendants.

No. 1:22-cv-05605

MEMORANDUM ORDER

**O'HEARN, District Judge.**

**THIS MATTER** comes before the Court on its receipt of *pro se* Defendants Tara Lynn Shindle and Darren James Pelosi's[1] ("Defendants") Notice of Removal, (ECF No. 1), and application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, (ECF No. 1-2). These submissions represent the third attempt by Ms. Shindle to remove two cases—*Wu & Associates v. Shindle*, No. BUR-LT-001177-22 (N.J. Super. Ct. filed Mar. 18, 2022) and *Wu & Associates v. Shindle*, No. BUR-DC-003689-22 (N.J. Super. Ct. filed July 19, 2022)—pending in the Superior Court of New Jersey, Burlington County, to this Court. Both prior attempts failed[2] because this Court plainly lacks subject matter jurisdiction over these cases, and this attempt fails for the same reasons.

Before reaching the jurisdictional issue, however, the Court must first address this matter's

---

[1] This case's caption identifies Mr. Pelosi only as "Darren James," but based on the Court's review of the Notice of Removal, it appears that his fully name is Darren James Pelosi. (ECF No. 1). The Court will use his full name in the interest of clarity.

[2] *Wu & Assocs., Inc. v. Shindle*, No. 22-5445 (D.N.J. Sept. 13, 2022) (order remanding these same cases for lack of subject matter jurisdiction); *Shindle v. Burlington County*, No. 22-04975 (D.N.J. Sept. 6, 2022) (order denying Ms. Shindle's request for an original federal complaint to be construed as a notice of removal).

torturous procedural posture. To begin, Federal Rule of Civil Procedure 11(a) provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name—or by a party personally if the party is unrepresented." Upon review, it appears that neither of Defendants' submissions has been properly signed.[3] (ECF Nos. 1, 1-2).

Turning first to the unsigned *in forma pauperis* application, the Court notes that it could, in its discretion, deny Defendants' application without prejudice and offer them the opportunity to cure the signature deficiency. *See, e.g.*, *Anderson v. Dep't of Hous.*, No. 22-04954 (D.N.J. Aug. 18, 2022) (order administratively terminating matter for lack of signature on *in forma pauperis* application and complaint). However, the Court must construe filings by *pro se* plaintiffs liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Moreover, "[i]n this Circuit, leave to proceed [*in forma pauperis*] is determined solely on the basis of indigence," *Izquierdo v. New Jersey*, 532 F. App'x 71, 72 (3d Cir. 2013), and only "extreme circumstances" can justify denying *in forma pauperis* status to an otherwise eligible applicant, *Deutsch v. United States*, 67 F.3d 1080, 1084 n.5 (3d Cir. 1995). The Court is well aware of Defendants' indigent status, having reviewed proper *in forma pauperis* applications in the other two matters Ms. Shindle has opened in recent weeks.[4] Plus, construing their filings liberally, *Haines*, 404 U.S. at 520, the Court can consider the signatures—wet ink or otherwise—affixed to the Notice of Removal as applying to all of the Notice's attachments, including the *in*

---

[3] Although Ms. Shindle appears to have signed the Notice of Removal in wet ink, Mr. Pelosi has only signed it electronically. (ECF No. 1 at p.5). However, pursuant to this Court's Local Rules, only admitted attorneys of record may sign filings using the "s/" notation. *See* ELECTRONIC CASE FILING POLICIES & PROCEDURES 7 (2022), *available at* https://www.njd.uscourts.gov/sites/njd/files/completelocalRules.pdf. Additionally, Defendants' *in forma pauperis* application has not been signed at all. (ECF No. 1-2).

[4] *Wu & Assocs., Inc. v. Shindle*, No. 22-5445 (D.N.J. filed Sept. 7, 2022); *Shindle v. Burlington County*, No. 22-04975 (D.N.J. Aug. 9, 2022).

*forma pauperis* application, (ECF No. 1-2). Finally, and most critically, denying Defendants' application without prejudice now simply for lack of signatures would needlessly delay the swift adjudication of this matter—an outcome, which the Court understands, could seriously prejudice Plaintiff Wu & Associates, Inc. ("Plaintiff") in the state court proceedings, (Pla.'s Br. in Supp. of Motion to Remand, ECF No. 6-1). The Court declines to do so. Instead, it excuses the lack of signatures on Defendants' application under Rule 11(a), grants them *in forma pauperis* status, and proceeds to the necessary screening of the Notice of Removal under 28 U.S.C. § 1915(e)(2).

Turning now to that screening, the Court finds once again that this matter must be remanded. Pursuant to § 1915(e)(2)(B), "the court shall dismiss the case [of a litigant proceeding *in forma pauperis*] at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court begins by noting again that it could, in its discretion, administratively terminate this action due to Mr. Pelosi's improper electronic signature on the Notice but declines to do so. Instead, it waives the requirement, and considers the Notice on its merits.[5] And for all of the reasons stated in its disposition of Ms. Shindle's prior attempts to remove these cases, the Court finds that they are not removable because this Court lacks subject matter jurisdiction. *Wu & Assocs., Inc. v. Shindle*, No. 22-5445 (D.N.J. Sept. 13, 2022) (order remanding these same cases for lack of subject matter

---

[5] Even if the Court did not waive the electronic signature rule for Mr. Pelosi, the Court could still proceed to evaluating the merits of the Notice. Construing the Notice liberally under *Haines*, 404 U.S. at 520, the Court could interpret Mr. Pelosi's improper signature as an allegation by Ms. Shindle alone of his consent to removal; Mr. Pelosi would simply need to certify his consent within thirty (30) days to perfect removal under 28 U.S.C. § 1446(b). *E.g.*, *Estate of Dean v. New Jersey*, No. 12–00505, 2012 WL 1900924, at *2–3 (D.N.J. May 24, 2012). Even before his later perfection, the Court could act on the *in forma pauperis* application and screen the Notice under 28 U.S.C. § 1915(e)(2) for subject matter jurisdiction. If the Court lacks subject matter jurisdiction, waiting for Mr. Pelosi's consent would be futile because his consent would not cure the jurisdictional defect.

jurisdiction); *Shindle v. Burlington County*, No. 22-04975 (D.N.J. Sept. 6, 2022) (order denying Ms. Shindle's request for an original federal complaint to be construed as a notice of removal of these same cases). Therefore, pursuant to § 1915(e)(2), the Court must remand these cases to the Superior Court of New Jersey, Burlington County.

In closing, the Court must advise Defendants that although as *pro se* litigants, their filings must be construed liberally, *Haines*, 404 U.S. at 520, "this benefit is not a license to ignore the Federal Rules of Civil Procedure," *e.g.*, *Mokhtar v. Kerry*, 83 F. Supp. 3d 49, 61 (D.D.C. 2015) (alterations omitted) (quoting *Sturdza v. United Arab Emirates*, 658 F. Supp. 2d 135, 137 (D.D.C. 2009). Federal Rule 11 empowers courts, on their own motion, to sanction—

> the signatory to any pleading, motion or other paper which is not well grounded in fact nor warranted by existing caselaw or a good faith argument for the extension, modification, or reversal of existing law, or which is interposed for any improper purpose, such as to harass or to cause unnecessary delay or needless increase in the cost of litigation.

*Landon v. Hunt*, 938 F.2d 450, 452 (3d Cir. 1991); *Martin v. Brown*, 63 F.3d 1252, 1264 (3d Cir. 1995) (noting that courts can impose sanctions on their own motion). For the third time now, Ms. Shindle has tried to remove two cases over which—as the Court has plainly held—this Court lacks jurisdiction. *Wu & Assocs., Inc.*, No. 22-5445 (D.N.J. Sept. 13, 2022); *Shindle*, No. 22-04975 (D.N.J. Sept. 6, 2022). If she continues to submit such frivolous filings, the Court may consider appropriate sanctions under Rule 11. With the foregoing in mind,

**IT IS HEREBY** on this  21st  day of  September , 2022,

**ORDERED** that Defendants' application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**; and it is further

**ORDERED** that the Clerk of the Court shall file the Notice of Removal; but it is further

**ORDERED** that, pursuant to this Court's mandatory screening under 28 U.S.C. §

1915(e)(2), these cases are **REMANDED** to the Superior Court of New Jersey, Burlington County; and it is further

  **ORDERED** that all pending Motions in this case are **DISMISSED AS MOOT**; and it is further

  **ORDERED** that, pursuant to 28 U.S.C. § 1447(c), the Clerk of this Court shall send a copy of this Order to the Clerk of the Superior Court of New Jersey, Burlington County; and it is further

  **ORDERED** that the Clerk shall also send a copy of this Order to Defendants by regular U.S. mail; and it is finally

  **ORDERED** that the Clerk shall close this case.

*[signature]*
**CHRISTINE P. O'HEARN**
**United States District Judge**